IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CAROL SEDILLO-ROMERO,

    Plaintiff,

vs.                                                         1:14-cv-00821-LF-SMV

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

    Defendant.

**ORDER GRANTING MOTION TO REVERSE AND REMAND**

THIS MATTER comes before the Court on plaintiff Carol Sedillo-Romero's Motion to Reverse and Remand (Doc. 19), which was fully briefed September 2, 2015. The parties consented to a magistrate judge presiding over all proceedings in this case. Doc. 28. Having carefully reviewed the parties' submissions and the administrative record, the Court GRANTS Ms. Sedillo-Romero's Motion to Reverse and Remand.

**I.    Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue,* 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief. *Langley v. Barnhart,* 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is

---

[1] The Court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481, as it is in this case.

grounds for reversal." *Jensen v. Barnhart,* 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks and brackets omitted). The Court must meticulously review the entire record, but may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Flaherty v. Astrue,* 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley,* 373 F.3d at 1118. A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While the Court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart,* 399 F.3d 1257, 1262 (10th Cir. 2005). "'The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence.'" *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II.     Applicable Law and Sequential Evaluation Process

To qualify for disability benefits, a claimant must establish that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) the claimant is not engaged in "substantial gainful activity;" (2) the claimant has a "severe

medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) the impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) the claimant is unable to perform his or her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1260–61. If the claimant cannot show that his or her impairment meets or equals a Listing but proves that he or she is unable to perform his or her "past relevant work," the burden of proof shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Id.*

### III.  Background and Procedural History

Ms. Sedillo-Romero protectively filed an application for disability insurance benefits and supplemental security income on July 5, 2012[3]—alleging disability since December 31, 2009 due to severe anxiety disorder, depression, inability to concentrate or focus, and an abscess on her back from anxiety. AR 80, 93.[4] The Social Security Administration denied her claims initially and upon reconsideration. AR 149–55, 164–70. She requested a hearing before an administrative law judge ("ALJ"), and ALJ Ben Willner held a hearing on September 13, 2013. AR 41–76.

The ALJ issued his unfavorable decision on February 6, 2014. AR 19–35. At step one, the ALJ found that Ms. Sedillo-Romero had not engaged in substantial, gainful activity since

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

[3] Ms. Sedillo-Romero also filed for widow's benefits. AR 106. However, the denial of that application is not on appeal to this Court.

[4] Documents 16-1 through 16-15 comprise the sealed Administrative Record ("AR"). When citing the record, the Court cites the AR's internal pagination in the lower right-hand corner of each page, rather than the CM/ECF document number and page.

December 31, 2009.  AR 24.  Because Ms. Sedillo-Romero had not engaged in substantial gainful activity for at least twelve months, the ALJ proceeded to step two.  AR 25.  At step two, the ALJ found that Ms. Sedillo-Romero suffered from two severe impairments—mood disorder and anxiety.  AR 25.  At step three, the ALJ found that none of Ms. Sedillo-Romero's impairments, alone or in combination, met or medically equaled a Listing.  AR 25–27.  Because none of the impairments met a Listing, the ALJ assessed Ms. Sedillo-Romero's RFC.  AR 27–33.  The ALJ found that:

> [C]laimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations:  the claimant is limited to simple tasks and simple routine instructions; she must work primarily with things rather than with people; and she can maintain concentration, persistence, or pace on such tasks for two hours between regularly scheduled breaks.

AR 27.

At step four, the ALJ concluded that Ms. Sedillo-Romero was unable to perform any of her past relevant work as a retail cashier, greeter, substitute teacher, or nurse assistant.  AR 33.  The ALJ found Ms. Sedillo-Romero was not disabled at step five, concluding that she still could perform jobs that exist in significant numbers in the national economy.  AR 34–35.

On July 10, 2014, the Appeals Council denied Ms. Sedillo-Romero's request for review.  AR 1–4.  Ms. Sedillo-Romero timely filed her appeal to this Court on September 9, 2014.  Doc. 1.

**IV.   Ms. Sedillo-Romero's Claims**

Ms. Sedillo-Romero raises four arguments on appeal:  1) the ALJ failed to properly weigh the opinion of treating psychiatrist Mary Roessel, M.D.; 2) the ALJ failed to properly weigh the opinion of treating therapist Virginia Canada, LPCC; 3) the ALJ failed to properly weigh the opinions of consultative psychologist Dr. Wynne, and DDS psychiatrist Dr. Cogbill;

and 4) the ALJ failed to do a thorough function-by-function analysis, resulting in a flawed RFC. The Court remands because the ALJ failed to properly weigh the opinions of Drs. Wynne and Cogbill, and failed to do a thorough function-by-function analysis. The Court does not reach Ms. Sedillo-Romero's other claims of error as they "may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

V.   **Analysis**

   A. **The ALJ failed to properly weigh the opinions of consultative psychologist Dr. Wynne, and DDS psychiatrist Dr. Cogbill.**

Ms. Sedillo-Romero argues that the ALJ did not adequately explain his decision to give the opinions of Drs. Wynne and Cogbill "some weight." Doc. 24 at 2. She further asserts that the ALJ did not adequately explain which of the doctors' limitations he accepted and which he rejected, leaving this Court without a proper basis for review. *Id.* at 3–4. For the reasons discussed below, the Court agrees.

An ALJ's failure to explain why he or she adopted some of an opinion's limitations while rejecting others is reversible error. *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) ("An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."); *see also Frantz v. Astrue*, 509 F.3d 1299, 1302–03 (10th Cir. 2007) (ALJ erred in accepting some limitations in a medical opinion, but rejecting others without discussion); *Wilson v. Colvin*, 541 F. App'x. 869, 874 (10th Cir. 2013) (unpublished) (remand appropriate where ALJ failed to either explain why he omitted moderate restrictions, or to incorporate them into the RFC). Finally, while an ALJ "is not required to discuss every piece of evidence . . . in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon,

5

as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996).

Here, the ALJ stated that he gave Dr. Wynne's opinion "some weight to the extent that it is consistent with the preponderance of the evidence." AR 31. The ALJ then stated that that Dr. Wynne's global assessment of functioning (GAF) score[5] of 45 "is inconsistent with his clinical impression that the claimant can read and understand basic written instructions, was mildly impaired in her ability to concentrate and persist at simple work tasks, and could interact well with the general public and with her co-workers." AR 31–32. The Commissioner argues the ALJ's analysis of Dr. Wynne's opinion is sufficient because Dr. Wynne's opinion was "essentially consistent with the ALJ's finding that the Plaintiff could perform unskilled work." Doc. 23 at 17. The Court cannot agree.

The ALJ failed to adequately explain the weight he gave to Dr. Wynne's opinion, and impermissibly picked and chose from the limitations in Dr. Wynne's opinion. The ALJ appears to accept Dr. Wynne's assessment that Ms. Sedillo-Romero could interact well with the general public and with her co-workers. However, Dr. Wynne noted two uncontradicted limitations in his assessment that the ALJ did not discuss: Dr. Wynne stated that Ms. Sedillo-Romero might have difficulty interacting with supervisors and might have difficulty adapting to changes in the workplace. AR 340. It is unclear from the ALJ's opinion whether he rejected these limitations, or merely forgot to include them in the RFC. If the ALJ intended to reject these limitations, he

---

[5] The GAF is a subjective determination based on a scale of 100 to 1 of "the clinician's judgment of the individual's overall level of functioning." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (Text Revision 4th ed. 2000) at 32. The GAF scale ranges from 100 (superior functioning) to 1 (persistent danger of severely hurting self or others, persistent inability to maintain minimal personal hygiene, or serious suicidal act with clear expectation of death). *Id*. at 34. A GAF score of 41–50 indicates "[s]erious symptoms . . . [or] serious impairment in social, occupational, or school functioning," such as inability to keep a job. *Id*.

must explain his reason for doing so, particularly given the fact that these are critical components of the required function-by-function analysis, as discussed below.

As to Dr. Cogbill, the ALJ's analysis in its entirety states that "[t]he undersigned affords these opinions some weight to the extent they are consistent with the preponderance of the evidentiary record, but places more weight on other opinions, as indicated previously." AR 33. The Commissioner argues that this analysis is sufficient. Doc. 23 at 18. However, it is unclear what the ALJ means by "other opinions." The only medical opinions to which the ALJ gave any weight were those of Drs. Wynne and Cogbill, and the ALJ's analysis of both fails to explain which parts of the opinions he accepted, which he rejected, and on what basis—leaving this Court without an adequate basis for review.[6]

In Ms. Sedillo-Romero's case, as in *Haga*, "the evidence the ALJ explicitly relied on does not imply an explanation for rejecting the restrictions." *Haga,* 482 F.3d at 1208. Remand is therefore appropriate "so that the ALJ can explain the evidentiary support for his RFC determination." *Id.*

### B. The ALJ failed to do a thorough function-by-function analysis, resulting in a flawed RFC.

Ms. Sedillo-Romero argues that the ALJ failed to do a proper function-by-function analysis in formulating the RFC. Doc. 19 at 23–24. She further argues that the ALJ failed to

---

[6] "When an administrative law judge considers findings of a State agency medical or psychological consultant or other program physician, psychologist, or other medical specialist, the administrative law judge will evaluate the findings using the relevant factors in paragraphs (a) through (d) of this section, such as the consultant's medical specialty and expertise in our rules, the supporting evidence in the case record, supporting explanations the medical or psychological consultant provides, and any other factors relevant to the weighing of the opinions. Unless a treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician, psychologist, or other medical specialist." 20 C.F.R. § 416.927.

properly address her limitations interacting with supervisors and adapting to changes in the workplace.  Doc. 24 at 3.  The Commissioner argues that the ALJ's RFC was sufficient, and properly supported by a narrative analysis.  Doc. 23 at 19.  For the reasons discussed below, the Court finds that the ALJ failed to do a proper function-by-function analysis and remands on this basis.

> Step Four of the sequential evaluation process is comprised of three phases:
>
> In the first phase, the ALJ must evaluate a claimant's physical and mental residual functional capacity (RFC), and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work.  In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one.  At each of these phases, the ALJ must make specific findings.

*Winfrey v. Chater,* 92 F.3d 1017, 1023 (10th Cir. 1996) (internal citations omitted).

"The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. [§§] 404.1545 and 416.945."  SSR 96-8p, 1996 WL 374184 at *1.  This means the ALJ must consider how the claimant's impairments affect her physical abilities, mental abilities, and other abilities.  An ALJ must consider all of the following when assessing a claimant's mental abilities:

> When we assess your mental abilities, we first assess the nature and extent of your mental limitations and restrictions and then determine your residual functional capacity for work activity on a regular and continuing basis.  A limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, co-workers, and work pressures in a work setting, may reduce your ability to do past work and other work.

20 C.F.R. §§ 404.1545(c), 416.945(c); *see also* SSR 96-8p, 1996 WL 374184 at *6 ("Work-related mental activities generally required by competitive, remunerative work include the abilities to:  understand, carry out, and remember instructions; use judgment in making work-

related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting.") In formulating the RFC, an ALJ must perform a function-by-function assessment of these work-related functions, considering all of the relevant evidence in the case record. SSR 96-8p, 1996 WL 374184 at*2. The Tenth Circuit has held that where a claimant is found to have more than mild mental limitations in work-related functions, the ALJ must "express those impairments 'in terms of work-related functions' or '[w]ork-related mental activities.'" *Jaramillo v. Colvin*, 576 F. App'x 870, 876 (10th Cir. 2004) (unpublished) (quoting SSR 96-8p, 1996 WL 374184 at *6).

The Commissioner focuses much of her brief on the fact that the ALJ found Ms. Sedillo-Romero not credible. *See* Doc. 23 at 10–13. The Court notes that the ALJ gave numerous well-supported reasons for his credibility determination; however a credibility finding alone is not dispositive of the case.

> An ALJ's finding regarding the claimant's noncredibility does not compel a finding of not disabled. Rather, the credibility determination is just a step on the way to the ultimate decision. The ALJ must also determine whether the claimant has an RFC level and can perform the full range of work at his or her RFC level on a daily basis.

*Thompson v. Sullivan*, 987 F.2d 1482, 1491 (10th Cir. 1993) (citing *Frey v. Bowen*, 816 F.2d at 512–13); *see also Poppa v. Astrue,* 569 F.3d 1167, 1170–71 (10th Cir. 2009) ("The regulations require that an ALJ's RFC be based on the entire case record, including the objective medical findings and the credibility of the claimant's subjective complaints."); *Kerwin v. Astrue*, 244 F. App'x 880, 884–85 (10th Cir. 2007) (unpublished) (ALJ cannot base RFC on credibility assessment alone, but must provide specific, legitimate reasons for rejecting a medical opinion or limitation). Thus, even when an ALJ finds a claimant not credible, the ALJ still must complete a function-by-function analysis. Indeed, an ALJ's "failure to consider an individual's ability to

perform the specific work-related functions could be critical to the outcome of a case." SSR 96-8p, 1996 WL 374184, at *3.

In the instant case, the ALJ's failure to do a proper function-by-function assessment is illustrated by the fact that all of the medical opinions the ALJ discussed indicate that Ms. Sedillo-Romero had a functional limitation in her ability to respond appropriately to supervisors. Dr. Roessel and Virginia Canada, LPCC both indicated that Ms. Sedillo-Romero had a "marked" limitation in this area. AR 412, 418.[7] Dr. Wynne indicated that the claimant might have difficulty interacting with her supervisors. AR 340. Dr. Cogbill concluded that Ms. Sedillo-Romero was moderately limited in her ability to interact with supervisors. AR 87.

Despite all of the medical opinions finding that Ms. Sedillo-Romero had a limitation in her ability to respond appropriately to supervisors, the ALJ failed to either explain his reason for rejecting the limitation, or to incorporate it into the RFC. The ALJ included some discussion of her "social functioning" in his credibility analysis:

> Despite her assertion she cannot stand to be around other people, she has not reported any difficulties getting along with people she encounters at church, medical appointments, the grocery store, or school and sporting events. More significantly, she has not reported any isolative behavior, such as refusing to leave the house, or any avoidance behavior, such as timing her outings to avoid crowds.

---

[7] Whether or not the ALJ properly rejected the opinions of Dr. Roessel and Virginia Canada, the Court notes their opinions here to show that all of the medical providers found Ms. Sedillo-Romero limited in her ability to respond appropriately to supervisors. An ALJ must explain the exclusion of even a moderate limitation—such as that found by Dr. Cogbill. *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007). Additionally, the Court notes that "[i]n choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and *not due to his or her own credibility judgments, speculation or lay opinion.*" *McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002) (emphasis in original) (quoting *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000)). Thus, if on remand the ALJ again rejects the opinion of Dr. Roessel, he must identify the contradictory medical evidence on which he relies.

AR 28–29. Part of assessing "social functioning" includes assessing a claimant's "ability to get along with others, such as family members, friends, neighbors, grocery clerks, landlords, or bus drivers." 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00 (C)(2). At best, the ALJ's RFC analysis explored the personal component of Ms. Sedillo-Romero's social functioning, but did not address her social functioning in a work setting. Other than stating she was fired from WalMart for falling asleep on the graveyard shift, the ALJ's RFC failed to discuss Ms. Sedillo-Romero's "[s]ocial functioning in work situations [which] may involve interactions with the public, responding appropriately to persons in authority (e.g., supervisors), or cooperative behaviors involving coworkers." *Id.*

The ALJ's failure to perform a proper function-by-function assessment also is evidenced by the fact that all of the medical opinions the ALJ discussed indicated that Ms. Sedillo-Romero had a functional limitation in her ability to respond appropriately to changes in the workplace. Dr. Roessel and Virginia Canada, LPCC both indicated that Ms. Sedillo-Romero had a "marked" limitation in this area. AR 412, 418. Dr. Wynne indicated that the claimant might have difficulty adapting to changes in the workplace. AR 340. And Dr. Cogbill concluded that claimant was moderately limited in her ability to respond appropriately to changes in the workplace. AR 88.

As discussed above, the ALJ gave the opinions of Dr. Wynne and Dr. Cogbill "some weight," but failed to specifically state whether he accepted or rejected this limitation. If he rejected it, the ALJ must explain his reasoning, discussing all of the relevant evidence in the record and thereby providing this Court a proper basis for review. The ALJ did not perform the function-by-function assessment of each mental functional limitation. This oversight resulted in his failure to discuss some of the limitations listed by the medical providers. The Court takes no

position on whether the ALJ must find a limitation in the areas of responding appropriately to criticism from supervisors and responding to changes in the workplace.  Nonetheless, the law requires the ALJ to clearly explain his reasoning and the evidence he relies upon in assessing these critical mental functional abilities.

## VI.  Conclusion

The ALJ failed to perform a thorough function-by-function analysis and failed to properly weigh the opinions of Dr. Wynne and Dr. Cogbill.  Therefore, the correct legal standards were not applied, and the RFC was not supported by substantial evidence.  For this reason, the Court GRANTS Ms. Sedillo-Romero's Motion to Reverse and Remand (Doc. 19) so that the Commissioner may revisit Ms. Sedillo-Romero's RFC and how it impacts her claim of disability.  The Court will not address Ms. Sedillo-Romero's other claims of error as they "may be affected by the ALJ's treatment of this case on remand."  *Watkins*, 350 F.3d at 1299.

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent